# CIRCUIT COURT OF THE CITY OF ROANOKE

Roy Andrew Bane

v.

Affordable Efficiencies, Inc.

### Case No. CH98-519

Affordable Efficiencies, Inc.,
and Lance A. Copperman

v.

Roy Andrew Bane

### Case No. CH98-522

### June 9, 1998

BY JUDGE ROBERT P. DOHERTY, JR.

Upon stipulated facts, the Court finds that in January, 1996, Debtor/Lessee entered into a lease with Creditor/Lessor for a commercial building which would continue to be used as a restaurant. At that time, Debtor/Lessee signed a note and security agreement to purchase restaurant equipment from Creditor/Lessor. A term of the lease required timely payment of the secured note or the lease would be in default. The lease gave Creditor/Lessor the right to repossess the restaurant premises after appropriate notice of default. The security agreement and the Uniform Commercial Code gave similar remedies to the Creditor/Lessor regarding the restaurant equipment. Debtor/Lessee continued to make his monthly lease payments, but in February 1997, he ceased making his monthly payments on the secured note. On January 10, 1997, Debtor/Lessee filed a petition for Chapter 7 relief in the United States

Bankruptcy Court. In March 1998, Debtor/Lessee converted his Chapter 7 bankruptcy action to a Chapter 13 case. Upon the filing of the initial bankruptcy action on January 10, 1997, the automatic stay of the Bankruptcy Court prevented Creditor/Lessor from pursuing his state remedies against Debtor/Lessee. Therefore, proofs of claims, motions, and other documents were filed and argued by the parties concerning the lease and the secured note, in the Bankruptcy Court. On June 1, 1998, the Bankruptcy Court released the secured note and the lease from the automatic stay. It also declared that the lease was rejected pursuant to 11 U.S.C. § 365(d)(4). Creditor/Lessor immediately took possession of the restaurant premises and equipment and changed the locks on the restaurant building to prevent access by the Debtor/Lessee. Immediately thereafter, the Debtor/Lessee reentered the premises and again changed the locks, thereby denying access to the Creditor/Lessor. Both parties now seek injunctive relief to eject the other from the premises. Each party, either orally or in writing, has also asked for an adjudication of the current status of the lease and of the note and secured property. Since the relief from the automatic stay, Debtor/Lessee has offered to repay the past due installments on the secured note, which Creditor/Lessor has rejected. After appropriate notice and bond, a temporary injunction was granted by this Court, placing the Creditor/Lessor in temporary possession of the premises and equipment. Thereafter, the parties agreed that the Debtor/Lessee would remain in possession pending the decision of this Court. The Court now finds that the Creditor/Lessor's position is correct.

Both parties have filed a Bill of Complaint in equity for injunctive relief concerning the same issues, and accordingly, these cases are consolidated for the purposes of this opinion. Once equity takes jurisdiction of a matter on equitable grounds, it may go forward and grant complete legal and equitable relief. *See Erlich v. Hendrick Const. Co.*, 217 Va. 108 (1976). Therefore, the underlying requests of both parties to determine the status of the lease, the note, and the security agreement and to grant judgment and permanent injunctive relief are properly before this Court.

By the written terms of the lease agreement, failure to make the monthly note payments on the restaurant equipment would constitute a breach of the lease. If the breach was not cured within twenty days of written notice to the Debtor/Lessee, the rights of possession of the Debtor/Lessee under both the lease and the security agreement would be terminated. Creditor/Lessor would then have the right to re-enter and repossess both the premises and the secured property.

The Court finds that the various proofs of claims, answers, motions, and other documents filed by the Creditor/Lessor over the past eighteen months in the Bankruptcy Court were more than sufficient written notice of default under the terms of the lease. Copies of these documents were received by Debtor/Lessee or his attorney and were argued in the Bankruptcy Court. For the past eighteen months, Debtor/Lessee has refused to make payment on the secured debt, hoping to have that obligation drastically altered in his favor by the Bankruptcy Court. The Bankruptcy Court, however, rejected his arguments. With that history, it would be folly to now accept the Debtor/Lessee's argument that the lease is still valid because the Creditor/Lessor has not complied with the twenty-day written notice requirement of the lease.

The Debtor/Lessee was therefore notified in writing of his defaults in the payment of the secured note as set forth above. He failed to cure those defaults within twenty days. That failure of payment also caused a default and termination of the lease. Upon termination of the lease, Debtor/Lessee forfeited possession of the restaurant premises to the Creditor/Lessor. This occurred because of the terms of the lease. The Debtor/Lessee being in default in the terms of the secured note also forfeited possession of the restaurant equipment to the Creditor/Lessor. This was done pursuant to § 8.9-503, Code of Virginia (1950), as amended. The question of whether the formal rejection of the lease by the Bankruptcy Court amounts to a termination of the lease is rendered moot by these findings.

Counsel for Creditor/Lessor shall prepare an appropriate order for endorsement by counsel and entry by the Court, granting judgment of possession on the lease, repossession of the secured property, and permanent injunctive relief enforcing those judgments. If the parties can agree as to the amount of dollar damages sustained by Creditor/Lessor, those damages should also be reduced to judgment against the Debtor/Lessee. If the parties are unable to reach an agreement as to the amount of such judgments, then they are directed to schedule a hearing on the matter so that this case can be ended and complete relief can be granted.